James D. **HODGSON**, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Edward J. **SCHNUCK**, et al., Defendants.

No. 71 C 96(1).

United States District Court, E. D. Missouri, E. D.

Oct. 8, 1971.

Harper Barnes, Regional Sol., Kansas City, Mo., Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for plaintiff.

Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for Schnuck Markets, Inc.

Bartley, Goffstein, Marshall & Bollato, Clayton, Mo., for Retail Store Employees Union Local 655.

Stephen W. Skrainka, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., and Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for Allied Supermarkets.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

MEREDITH, Chief Judge.

The facts set forth below having been stipulated by plaintiff, James D. Hodgson, Secretary of Labor, United States Department of Labor, and defendant Schnuck Markets, Inc., and by plaintiff and defendant Allied Supermarkets, Inc., each defendant stipulating to the facts applicable to it, to be true, they are hereby so found by the Court and adopted as its findings of fact:

1. This is, in pertinent part, an action by the Secretary of Labor to enjoin Schnuck Markets, Inc., a corporation, its president, Edward J. Schnuck, and its vice-president, Donald O. Schnuck, from violating the equal pay and overtime provisions of sections 6(d), 7(a) (1) and 15(a) (2) (including a prayer for back wages), and the record-keeping provisions of sections 11(c) and 15(a) (5), of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act. The action also seeks to enjoin Allied Supermarkets, Inc., hereinafter referred to as "Allied," from violating the provisions of sections 6(d) and 15(a) (2) (including a prayer for back wages) of the Act. Subsequent to the original filing of this action, pursuant to order of this Court, the complaint in the action was amended and an additional party defendant, Retail Store Employees Union, Local 655, affiliated with the Retail Clerks International Association, AFL–CIO, hereinafter referred to as "Local 655," was added, the amended complaint adding the allegation that Local 655 caused or attempted to cause the employer-defendants to violate the provisions of sections 6(d) and 15(a) (2) of the Act.

2. Edward J. Schnuck, Route 2, Conway Road, Chesterfield, St. Louis County, Missouri, and Donald O. Schnuck, 20 Countryside Lane, St. Louis County, Missouri, are president and vice-president, respectively, of defendant Schnuck Markets, Inc.

3. Defendant Schnuck Markets, Inc., hereinafter referred to as "Schnuck," is a Missouri corporation, with its principal office and place of business located at 8590 Page Boulevard, St. Louis, Missouri, within the jurisdiction of this Court, from which central office it directs and controls the activities of various related corporate or other organizational units constituting the retail grocery enterprise hereinafter described, operating retail grocery stores in the St. Louis metropolitan area known variously under the trade names "Foodtown" and "Schnuck Markets," together with related activities, i. e., a bakery and central warehouse.

4. At all times material hereto, substantial quantities of the groceries and other items handled and sold by employees of Schnuck at its aforesaid establishments were originally purchased and delivered from sources outside the State of Missouri.

5. At all times since February 16, 1969, Schnuck's retail grocery chain has had, and has, an annual gross volume of sales made or business done of not less than $1 million, exclusive of excise taxes at the retail level, separately stated, and the total annual gross volume of goods that move or have moved across State lines (but not in deliveries from reselling establishments), purchased or received for resale by Schnuck, is not less than $250,000.

6. Allied has admitted in its answer that it, a Delaware corporation with its home office located at 8711 Meadowdale, Detroit, Michigan, is a national grocery chain. On or about October 10, 1970, Schnuck purchased from Allied, and subsequent to said purchase operated, Allied's retail grocery establishments formerly operated by Allied under the names of "Bettendorf Rapp," "Bettendorfs'," and "Rapp's," located primarily in the St. Louis metropolitan area, and the locations of some of which are named in the complaint herein and in Finding No. 8 below.

7. At all times material to this action, the wages of Schnuck's and Allied's grocery clerks have been regulated by wage rate schedules contained in collective bargaining agreements between Schnuck and Local 655 and Allied and Local 655. The schedule in the agreement effective from May 3, 1965, to May 4, 1968, which was negotiated and entered into almost two years subsequent to the enactment of the equal pay provisions of the Act, designated clerks as "male" and "female," setting lower rates of pay for female clerks than for male clerks. In the agreement effective from May 5, 1968, to April 20, 1971, the contract language in the schedule was changed from "male" and "female" to "light duty" and "heavy duty" clerks,

respectively, the so-called "light duty" female clerks continuing to receive lower wages than the so-called "heavy duty" male clerks. The situation remains the same in the current agreement effective from May 1, 1971, to April 30, 1974, except that the "light duty" female rate will become equal to the "heavy duty" male rate on May 1, 1973. Under each of the above agreements part-time clerks have been paid equal rates, whether male or female, except that after the passage of a specified amount of time or the accumulation of a specified number of hours of work, part-time employees, for pay purposes, proceed to the full-time or "regular" rate schedule, and the pay differential with respect to regular full-time clerks is equally applicable to a part-time clerk who has progressed to the full-time or regular wage rate schedule.

8. Both prior and subsequent to the effective date of the equal pay provisions of the Act, Schnuck, at its establishment located at 10760 Sunset Hills Shopping Center, Sunset Hills, Missouri, and Allied, at its establishments located at 10009 Bellfontaine, Bellfontaine Neighbors, St. Louis County, Missouri; 10275 Clayton Road, Ladue, St. Louis County, Missouri; 4437 Natural Bridge, St. Louis, Missouri; 4222 Hampton, St. Louis, Missouri; 7651 Clayton Road, Clayton, St. Louis County, Missouri; 10725 Manchester Road, Kirkwood, St. Louis County, Missouri; 2321 McCausland, St. Louis, Missouri; and 8823 Ladue Road, Ladue, St. Louis County, Missouri, have employed both male and female clerks in stocking work and in checking work (with respect to Allied "checking" includes "cashiering"), or combinations thereof, in varying proportions, and has paid male clerks the "heavy duty" higher rate of pay and females the "light duty" lower rate of pay without regard to the proportion of their time spent in checking or stocking by either males or females, resulting in the following situations: one or more male clerks have spent all or substantial amounts of their working time stocking,

and one or more male clerks have spent all or substantial amounts of their working time checking; the male clerks have always received the "heavy duty" rate of pay whether checking or stocking. Certain female clerks have spent all or substantial amounts of their working time checking; the female clerks have always received the "light duty" rate of pay. Irrespective of the proportions of time male employees or female employees have spent in their various duties, all males were paid the higher "heavy duty" rate and all females were paid the lower "light duty" rate.

9. During the period involved in this action, at defendant Schnuck's said establishment and at Allied's said establishments, the work performed by each of the female clerks was, during their employment, substantially equal in skill, effort, and responsibility to that performed by at least one or more males in the same establishment, and said females were paid less than said males with equal seniority.

10. All of the issues in this case arising between Schnuck and plaintiff, including alleged overtime and record-keeping violations of the Act, except those involving alleged violations of the equal pay provisions of the Act at Schnuck's said establishment, have been settled by and between plaintiff and Schnuck and are no longer an issue in this case.

11. The parties have agreed that this action may be dismissed with respect to individual defendants Edward J. Schnuck and Donald O. Schnuck.

## Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action.

2. Defendant Schnuck is, and at all times hereinafter mentioned was, an employer having employees subject to section 6 of the Act, and constitutes an enterprise engaged in commerce or the production of goods for commerce within the meaning of sections 3(r) and 3(s) (1) of the Act, both prior and subsequent to the amendments thereto effective February 1, 1967.

3. Defendant Allied is, and at all times hereinafter mentioned was, an employer having employees subject to section 6 of the Act, and constitutes an enterprise engaged in commerce or the production of goods for commerce within in the meaning of sections 3(r) and 3(s) (1) of the Act, both prior and subsequent to the amendments thereto effective February 1, 1967.

4. Defendant Schnuck has violated the provisions of sections 6(d) and 15(a) (2) of the Act by discriminating within its establishment described in Finding of Fact No. 8 above between employees on the basis of sex by paying wages to employees in said establishment, which has employees subject to section 6 of the Act, at rates less than the rates at which it paid wages to employees of the opposite sex in such establishment for substantially equal work on jobs, the performance of which required equal skill, effort and responsibility, and which were and are performed under similar working conditions. The fact that some males spent most of their time stocking while some females spent most of their time checking is of no import, since at least one or more males were paid the same higher rate although they were engaged primarily in checking activities. This conclusion is applicable to all full-time or "regular" clerks and all part-time clerks who, by reason of passage of time, or by virtue of having accumulated sufficient hours of work, have progressed to the status of the full-time or regular wage rate scale.

5. Defendant Allied has violated the provisions of sections 6(d) and 15(a) (2) of the Act by discriminating within its said establishments described in Finding of Fact No. 8 above between employees on the basis of sex by paying wages to employees in said establishments, which had employees subject to section 6 of the Act, at rates less than the rates at which it paid wages to employees of the opposite sex in such es-

tablishments for substantially equal work on jobs, the performance of which required equal skill, effort and responsibility, and which were and are performed under similar working conditions. The fact that some males spent most of their time stocking while some females spent most of their time checking is of no import, since at least one or more males were paid the same higher rate although they were engaged primarily in checking activities. This conclusion is applicable to all full-time or "regular" clerks and all part-time clerks who, by reason of passage of time, or by virtue of having accumulated sufficient hours of work, had progressed to the status of the full-time or regular wage rate scale.

6. The minimum rate at which defendant Schnuck was and is, and Allied was, required to pay their female clerks at the aforementioned establishments is the rate which a male with comparable seniority or longevity employed primarily in checking is or would have been paid on the heavy duty clerk wage rate schedule.

7. As a result of the aforesaid violations of sections 6(d) and 15(a) (2) of the Act by defendants Schnuck and Allied, unpaid wages are due and owing their female clerks at the aforesaid establishments described in Finding of Fact No. 8 above.

8. Plaintiff is entitled to an injunction permanently enjoining and restraining defendant Schnuck, its officers, agents, servants, employees, and those persons in active concert or participation with it, from violating, at the above establishment, the provisions of sections 6(d) and 15(a) (2) of the Act, including the restraint of the continued withholding of unpaid minimum wages and overtime compensation due its female employees.

9. Plaintiff is entitled to an injunction enjoining and restraining defendant Allied, its officers, agents, servants, employees, and those persons in active concert or participation with it, from violating the provisions of sections 6(d)

and 15(a) (2) of the Act, by the continued withholding of unpaid minimum wages and overtime compensation due its female employees, at the above establishments, which it has not operated since October 10, 1970.

For cause shown, therefore:

It is hereby ordered that Edward J. Schnuck and Donald O. Schnuck be, and they hereby are, dismissed as parties defendant.

█ It is further ordered that defendant Schnuck Markets, Inc., its officers, agents, servants, employees, and those persons in active concert or participation with it who receive notice of this judgment, be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6(d) and 15(a) (2) of the Act, including the restraint of the continued withholding of unpaid minimum wages and overtime compensation due its female employees for their employment, at defendant's establishment located at 10760 Sunset Hills Shopping Center, Sunset Hills, Missouri. Pursuant to this order, defendant shall, within sixty days of the date hereof, compute the amounts of back wages due its said female employees by reason of violations of sections 6(d) and 15(a) (2) of the Act, and shall make payment thereof, provided plaintiff concurs in the accuracy of said computations and in the method of payment. If plaintiff concurs, plaintiff shall, upon the completion of said payment, file a certificate of payment with this court.

It is further ordered that defendant Allied Supermarkets, Inc., its officers, agents, servants, employees, and those persons in active concert or participation with it who receive notice of this judgment, be, and they hereby are, enjoined and restrained from violating the provisions of sections 6(d) and 15(a) (2) of the Act by the continued withholding of unpaid minimum wages and overtime compensation due its former female employees for their employment at its former establishments located at

10009 Bellfontaine, Bellfontaine Neighbors, St. Louis County, Missouri; 10275 Clayton Road, Ladue, St. Louis County, Missouri; 4437 Natural Bridge, St. Louis, Missouri; 4222 Hampton, St. Louis, Missouri; 7651 Clayton Road, Clayton, St. Louis County, Missouri; 10725 Manchester Road, Kirkwood, St. Louis County, Missouri; 2321 McCausland, St. Louis, Missouri; and 8823 Ladue Road, Ladue, St. Louis County, Missouri. Pursuant to this order, defendant shall, within sixty days of the date hereof, compute the amounts of back wages due its said female employees by reason of violations of sections 6(d) and 15(a) (2) of the Act, and shall make payment thereof, provided plaintiff concurs in the accuracy of said computations and in the method of payment. If plaintiff concurs, plaintiff shall, upon the completion of said payment, file a certificate of payment with this Court.

It is further ordered, with the consent of the defendant Retail Store Employees Union, Local 655, that said defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them who receive notice of this judgment, be, and they hereby are, enjoined and restrained from interfering or attempting to interfere in any way with compliance by the other two defendants with the foregoing orders of the Court with respect to said other defendants, and also from interfering or attempting to interfere in any way with any equalization, by either of the other defendants, of pay between their female or light duty clerks and their male or heavy duty clerks of equal status and seniority.

It is further ordered that this Court retain jurisdiction in this case for the purpose, if necessary, of holding further hearings in the event the plaintiff and either of the defendants Schnuck Markets, Inc., or Allied Supermarkets, Inc., are unable to agree on the amount of back wages due or the method of payment thereof. In the event the said par-

ties are able to agree and plaintiff files a certificate of payment by both said defendants, the foregoing orders of the Court shall constitute the final judgment in this case, defendants to pay the costs.